11-3947
Khan v. Holder

BIA
A095 959 827

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of August, two thousand twelve.

PRESENT:
          JOSEPH M. McLAUGHLIN,
          DEBRA ANN LIVINGSTON,
          RAYMOND J. LOHIER, JR.,
               *Circuit Judges.*

_____

KHALID KHAN,
          *Petitioner,*

          v.                                    11-3947
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:     Michael J. Campise, Ferro & Cuccia, New
                    York, NY.

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant
                    Attorney General; Russell Verby, Senior
                    Litigation Counsel; Nancy K. Canter,
                    Trial Attorney, Office of Immigration
                    Litigation, Civil Division, United States
                    Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Khalid Khan, a native and citizen of Pakistan, seeks review of an August 31, 2011 order of the BIA denying his motion to reopen his removal proceedings. *In re Khalid Khan*, No. A095 959 827 (B.I.A. Aug. 31, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, the BIA did not abuse its discretion by denying Khan's motion to reopen as untimely because he filed it more than five years after his final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C).

Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably concluded that Khan did not demonstrate changed conditions in Pakistan. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (providing that we review the

the agency's factual findings regarding country conditions under the substantial evidence standard).

In support of reopening, Khan submitted letters from his family in Pakistan asserting that his parents' house had been destroyed by the Taliban and that Khan was on the Taliban's list of people it was targeting, as well as his own affidavit reiterating those assertions and photographs purportedly showing the destruction of his parents' home. Contrary to Khan's contention, the BIA did not ignore this evidence; rather, it explicitly referred to the evidence he presented, but gave it little weight. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) ("[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Moreover, the BIA did not abuse its discretion by not crediting Khan's evidence, as he previously admitted that he filed a false application for relief and gave false testimony. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007) (holding that the BIA did not abuse its discretion in declining to credit unauthenticated documents submitted with a motion to reopen where the alien had been found not credible in the

underlying proceedings); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Because the BIA did not abuse its discretion in denying Khan's motion as untimely, we do not address Khan's argument that he established his *prima facie* eligibility for asylum.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4